# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE MAXWELL TECHNOLOGIES, INC. DERIVATIVE LITIGATION, | LEAD CASE NO. 13-CV-966 BEN (RBB) (Derivative Action) **ORDER DENYING MOTION TO STAY** [Docket No. 19] |
| This Document Relates To: ALL ACTIONS. | |

Presently before the Court is Plaintiffs' Motion to Stay Action. (Docket No. 19.) For the reasons stated below, the Motion to Stay Action is **DENIED**.

## BACKGROUND

On March 13, 2013, *Foster v. Maxwell Technologies, Inc.*, No. 13-CV-580, a putative securities class action complaint against Maxwell Technologies, Inc. and certain of its current and former officers, was filed in this Court. Three related actions, *Weinstein v. Maxwell Technologies, Inc.*, No. 13-CV-686, *Abanades v. Maxwell Technologies, Inc.*, No. 13-CV-867, and *Mebarak v. Maxwell Technologies, Inc.*, No. 13-CV-942, were subsequently filed in this Court. All four of these actions allege that the defendants made fraudulent statements about Maxwell's financial performance and business prospects. All four actions were brought on behalf of a class of persons who purchased Maxwell's common stock between April 28, 2011 and March 7, 2013. These four cases were consolidated as *In re Maxwell Technologies Inc., Securities*

*Litigation*, No. 13-CV-580 ("Federal Putative Class Action").

On April 11, 2013, Evan Warsh filed *Warsh v. Schramm*, Case No. 37-2013-00043884-CU-BT-CTL, a shareholder derivative action, in the Superior Court of California, County of San Diego. This action was brought on behalf of Maxwell against certain of its officers and directors for breaches of fiduciary duties and unjust enrichment due to false and misleading statements made by the defendants. On April 18, 2013, Stephen Neville filed *Neville v. Cortes*, Case No. 37-2013-00044911-CU-BT-CTL, another shareholder derivative action, in the Superior Court of California, County of San Diego. This action was brought on behalf of Maxwell against similar defendants and containing substantially similar allegations as those brought in *Warsh*. On June 5, 2013, *Warsh* and *Neville* were consolidated with the caption, *In re Maxwell Technologies, Inc. Derivative Litigation*, Lead Case No. 37-2013,00043884-CU-BT-CTL ("State Shareholder Derivative Action").

On April 23, 2013, Plaintiff Walter Kienzle filed *Kienzle v. Schramm*, Case No. 13-CV-966, on behalf of Maxwell, against similar defendants and containing similar allegations and requests for relief as in the State Shareholder Derivative Action. On May 7, 2013, Plaintiff Sameer Agrawal filed *Agrawal v. Cortes*, Case No. 13-CV-1084, another shareholder derivative action. This action was also brought on behalf of Maxwell against similar defendants and containing similar allegations and requests for relief as in the State Shareholder Derivative Action. *Kienzle* and *Agrawal* were consolidated with the caption, *In re Maxwell Technologies, Inc. Derivative Litigation*, Case No. 13-CV-966 ("Federal Shareholder Derivative Action").

On July 3, 2013, Nominal Defendant Maxwell moved to stay the State Shareholder Derivative Action pending resolution of the Federal Shareholder Derivative Action, arguing that the State Shareholder Derivative Action was duplicative of the Federal Shareholder Derivative Action, the federal court was the more efficient forum because it was handling the securities class action, and a stay would avoid conflicts and prevent the waste of resources. On September 27, 2013,

Judge Joel R. Wohlfeil issued a tentative ruling granting Maxwell's motion to stay the State Shareholder Derivative Action. A day before Judge Wohlfeil issued the tentative ruling, on September 26, 2013, Plaintiffs moved to stay the Federal Shareholder Derivative Action. Plaintiffs argue that they have reached an agreement with the state plaintiffs to coordinate their efforts and stay the Federal Shareholder Derivative Action.

## DISCUSSION

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In determining whether to grant a stay, a court considers: (1) "the hardship or inequity which a party may suffer in being required to go forward," (2) "possible damage which may result from the granting of a stay," and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Either the federal or state shareholder derivative action should be stayed in order to prevent conflicting rulings and the waste of judicial resources. Pending in this Court is the Federal Putative Class Action, which involves the same alleged wrongful conduct as the shareholder derivative actions. Once any threshold procedural issues are resolved, this Court will rule on dispositive motions in the Federal Putative Class Action, which will require an analysis for the circumstances surrounding Maxwell's restatement, which is also at the core of the derivative litigation. It would be most efficient to have one judge handle both the Federal Putative Class Action and the shareholder derivative claims in order to prevent conflicting rulings and the waste of judicial resources. In addition, Judge Wohlfeil has already issued a tentative ruling granting Maxwell's motion to stay the State Shareholder Derivative Action. Accordingly, it would be most efficient to deny the motion to stay the Federal Shareholder Derivative Action and to allow it to continue forward in this Court.

In addition, litigating the derivative claims in federal court does not cause any hardship to Plaintiffs. The state plaintiffs did not file an operative complaint in the State Shareholder Derivative Action until September 27, 2013. In addition, although the state plaintiffs have served discovery, Judge Wohlfeil has not yet ordered discovery. Accordingly, the State Shareholder Derivative Action is not significantly further along in the proceedings than the Federal Shareholder Derivative Action.

Plaintiffs argue that the claims against McGladrey LLP, Maxwell's former auditor, can only be brought in state court, which favors staying the Federal Shareholder Derivative Action rather than the State Shareholder Derivative Action. As Judge Wohlfeil found, however, having the same judge decide both the Federal Putative Class Action and the derivative claims "outweighs the necessity of moving the claim against the accounting firm forward in the state actions." (Miller Decl., Exh. A [Docket No. 24-2], at 1.) Accordingly, Plaintiffs' Motion to Stay is **DENIED**.

## CONCLUSION

For the reasons stated above, the Motion to Stay Action is **DENIED**.

**IT IS SO ORDERED.**

DATED: October 30, 2013

_____
Hon. Roger T. Benitez
United States District Judge