1

2

3

4

FILED

JUN 2 6 2014

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ YAM? _____ DEPUTY

5

6

7

8       # UNITED STATES DISTRICT COURT

9       ## SOUTHERN DISTRICT OF CALIFORNIA

10

| 11 | IN RE MAXWELL TECHNOLOGIES, INC. DERIVATIVE LITIGATION | LEAD CASE NO. 13CV966 BEN (RBB) |
|----|----|----|
| 12 | | |
| 13 | | (Derivative Action) |
| 14 | | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' EX PARTE APPLICATION TO EXTEND THE DEADLINE TO FILE AN AMENDED COMPLAINT** |
| 15 | | |
| 16 | This Document Relates to: | |
| 17 | ALL ACTIONS | [Docket No. 56] |

18

19      On June 18, 2014, Lead Plaintiffs Sameer Agrawal and Walter Kienzle applied

20      ex parte for an order extending their June 26, 2014 deadline to amend the complaint to

21      60 days after the resolution of a writ proceeding in state court. (Docket No. 56.) In the

22      alternative, Plaintiff requests a fourteen-day extension of time to file an amended

23      complaint. Defendants[1] filed an Opposition to the application on June 20, 2014, and

24      Plaintiffs filed a Reply on June 24, 2014. (Docket Nos. 57, 59.) For the reasons stated

25      below, Plaintiffs' request to extend the deadline to file an amended complaint to 60

26

27      [1]Defendants Jose L. Cortes, Burkhard Goeschel, Jean Lavigne, David J. Schramm, Robert L.
        Guyett, Mark S. Rossi, Yon Yoon Jorden, Roger L. Howsmon, Kevin S. Royal, George Kreigler III,
28      and nominal defendant Maxwell Technologies submitted an Opposition that Defendant Van M.
        Andrews joined. (Docket Nos. 57, 58.)

1  days after resolution of the writ petition is **DENIED**, but Plaintiffs' request to extend
2  the deadline fourteen days is **GRANTED**.

3  **BACKGROUND**

4      On October 30, 2013, the Court denied Plaintiffs' motion to stay this action
5  pending resolution of a related state court shareholder derivative action. On November
6  1, 2013, the related state court derivative action was stayed.

7      The writ petition pending in state court was filed by Stephen Neville on
8  November 14, 2013. Neville is a plaintiff in related state court shareholder derivative
9  litigation.[2] He is not a plaintiff in this action. Neville's writ petition seeks to enforce
10  a shareholder inspection demand under California Corporations Code § 1601.[3]
11  Defendants demurred to the writ on January 15, 2014. The demurrer is set for hearing
12  on July 18, 2014.

13      On May 27, 2014, the Court granted Defendants' motion to dismiss this action
14  because Plaintiff failed to meet the pleading requirements of Federal Rule of Civil
15  Procedure 23.1(b)(3). The Court granted Plaintiffs leave to file an amended complaint
16  within 30 days.   Plaintiff's amended complaint is due on June 26, 2014.

17  **DISCUSSION**

18      Plaintiffs are seeking a stay of this case pending resolution of a writ proceeding
19  in state court.[4]   "[T]he power to stay proceedings is incidental to the power inherent
20  in every court to control the disposition of the causes on its docket with economy of
21  time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S.
22  248, 254 (1936). In determining whether to grant a stay, a court considers: (1) "the
23  hardship or inequity which a party may suffer in being required to go forward;" (2)

24

25      [2]*In re Maxwell Technologies, Inc. Derivative Litigation*, Lead Case No. 37-2013-00043884-
26  CU-BT-CTL.

27      [3]*Neville v. Maxwell Technologies, Inc.*, No. 37-2013-00075582-CU-WM-CTL.

28      [4]Although labeled an application to extend time, Plaintiffs acknowledge it is a request to stay
   by citing  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) and noting the Court's power to stay
   proceedings.

1  "possible damage which may result from the granting of a stay;" and (3) "the orderly
2  course of justice measured in terms of the simplifying or complicating of issues, proof,
3  and questions of law which could be expected to result from a stay." *CMAX, Inc. v.*
4  *Hall*, 300 F.2d 265, 268 (9th Cir. 1962).   In this case, Plaintiffs bear the burden of
5  establishing the need for the stay. *Clinton v. Jones*, 520 U.S. 681, 708 (1997) ("The
6  proponent of a stay bears the burden of establishing its need.").

7      Although the parties have failed to specifically address all of the factors above,
8  the Court finds that Plaintiffs have failed to establish the need for the stay.  Any
9  hardship Plaintiffs might suffer is speculative and does not justify an indefinite delay
10  in this proceeding.

11      Plaintiffs argue that documents obtained in the writ proceedings will provide
12  additional facts demonstrating Defendants' wrongdoing and Plaintiffs should be
13  allowed to use those facts in an amended complaint. However, the hardship Plaintiffs
14  may suffer in being required to go forward before resolution of the writ petition is
15  speculative in two respects.  First, it is unclear whether Plaintiffs' forthcoming
16  amended complaint will lack sufficient factual allegations to proceed absent the
17  information Plaintiffs hope to obtain through Neville's writ petition. Second, obtaining
18  information relevant to this case through the writ proceeding is, at best, questionable.
19  Not only would Neville have to succeed in his writ petition, but the results of the
20  inspection would have to disclose facts demonstrating some wrongdoing relevant to
21  this case. Additionally, Neville would have to be willing and able to disclose that
22  information to the Plaintiffs in this case.

23      The Court will, however, grant Plaintiffs' request for a fourteen-day extension
24  of time to file the amended complaint.

25  ///

26  ///

27  ///

28  ///

1

## CONCLUSION

2  Plaintiffs' request to extend the deadline to file an amended complaint to 60

3  days after resolution of the writ petition is **DENIED**. Plaintiffs' request to extend time

4  to file an amended complaint fourteen days is **GRANTED**.

5

6  **IT IS SO ORDERED.**

7

8  DATED: June 25, 2014

HON. ROGER T. BENITEZ
United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13cv966